SAMUEL, Judge.
Plaintiff, an evicted tenant, filed this suit against his former landlord for damages allegedly resulting from their oral lease agreement and the eviction. Defendant answered and reconvened for two months’ rent allegedly due. Following trial on the merits, there was judgment in favor of plaintiff in the sum of $395.30. The judgment also dismissed the reconventional demand. Defendant has appealed.
The lease agreement was entered into during the month of April, 1975. Plaintiff agreed to lease the residential property located at 3135 Orleans Avenue, New Orleans, for the sum of $80 per month, provided plaintiff would make necessary repairs. The condition of the property was deplorable. A front screen door was broken, the bathroom floor was falling, the commode *1123 was supported by only one beam, the wall behind the bathtub had separated, the kitchen floor had only five pieces of linoleum tile, some of the wallpaper was completely loosened from the ceiling and various walls, paint was peeling, an area where pipes went from the house to the ground had many holes, and the entire interior of the house needed repainting.
The testimony establishes that plaintiff made these repairs and that the work was expertly done. The defendant did supply three gallons of paint but this was not sufficient for all of the painting required. Plaintiff, at his own expense, bought the necessary glue, cement, extra paint, linoleum tiles, and all other materials needed to repair the property. He hired a helper to assist in making the repairs and disposing of the trash.
Plaintiff received an eviction notice on September 3, 1975 (apparently for alleged non-payment of rent for the months of July and August), and moved out three days thereafter. Following plaintiff’s eviction, the defendant (according to his testimony) rented the premises for $90 per month.
To some extent the testimony is in conflict as to rent payments. Plaintiff testified he had paid the rent through the month of July; the defendant testified rent for the months of July and August was not paid. The record does establish that defendant did receive cheeks for August and September rent but returned them un-cashed.
In this court defendant-appellant contends: (1) the trial court erred in not dismissing plaintiff’s demand because plaintiff was obligated to make the repairs under the provisions of Civil Code Article 2716; and (2) the trial court further erred in not awarding appellant $160, being rent for the months of July and August, on the recon-ventional demand.
We do not agree with appellant’s first contention. Civil Code Article 2716 is inapplicable in this case for the reason that the repairs required by the article to be made at the expense of the tenant are those repairs the making of which becomes necessary during the lease.[1] Here the repairs were necessary prior to the inception of the lease and the making of the repairs was a part of the lease contract. Although the lease agreement in suit did not stipulate a definite lease term, in our view it did contemplate a reasonable time, and plaintiff clearly was evicted prior to the expiration of any time which might be considered reasonable. In this connection, we note that Civil Code Article 2693 requires the lessor to deliver the thing leased in good condition, free from any repairs, and further requires him to make certain other repairs when necessary. Civil Code Article 2694 provides that when the lessor refuses or neglects to make these necessary repairs when called on to do so, the lessee may himself cause the repairs to be made and deduct the price from the rent due. Thus, by analogy, it appears to us the lease agreement here should be interpreted as not terminating until the plaintiff reasonably had been compensated for the repairs he made.
Nor do we agree with the second contention. Plaintiff testified: he incurred expenses of $37.50 for moving caused by the eviction and $39 per month for four months for storing his furniture; he worked a total of 104 hours repairing the property and his services were worth $3.50 per hour; and he paid $60 to the helper who assisted him, a statement verified by that helper who also testified. The demand, including cost of materials, etc., made by plaintiff in his petition is itemized and totals $709.12. The trial court awarded plaintiff $395.30. Although the trial judge did not state which items were awarded and which were not allowed, we are of the opinion he took into consideration the fact that plaintiff had occupied the premises during the month or months for which he found the $80 monthly rental was not paid, *1124 and that his award of $395.30 accordingly reflects these considerations. Thus, the defendant already has received the $80 per month rent to which he is entitled.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. In pertinent part the article reads:
“The repairs, which must be made at the expense of the tenant, are those which, during the lease, it becomes necessary to make:” LSA-C.C. Art. 2716.